UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE COBIAN-PEREZ, | No. C-13-5162 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |
| PERSONAL PROTECTIVE SERVICES, INC., *et al.*, | **(Docket No. 15)** |
| Defendants. | |

Plaintiff Jorge Cobian-Perez has filed suit against multiple defendants, asserting that his rights were violated by, *inter alia*, private security guards working at a grocery store and by City of Oakland police officers. The City of Oakland is one of the named defendants. Mr. Cobian-Perez has asserted a claim against the City for, *inter alia*, violation of 42 U.S.C. § 1983. *See* Docket No. 1 (Not. of Removal, Ex. E) (FAC ¶¶ 127-53) (alleging failure to train). Currently pending before the Court is Mr. Cobian-Perez's motion to remand the instant case back to the state court from which the City removed it.

Having considered the parties' briefs,[1] the Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for February 20, 2014. The Court hereby **DENIES** the motion to remand.

///

///

---

[1] Mr. Cobian-Perez failed to file a reply brief.

## I.   FACTUAL & PROCEDURAL BACKGROUND

In his complaint, Mr. Cobian-Perez essentially alleges that private security guards working at a grocery store detained him without cause and severely beat him. Mr. Cobian-Perez also alleges that City policy officers "aided and abetted" the security guards "because they refused to investigate what [he] told them about [being beaten], despite knowing [the security guards'] claims were not true." FAC ¶ 79; *see also* FAC ¶ 88 (also alleging that the Oakland Police Department ratified the racial discrimination by the security guards). All of the claims asserted by Mr. Cobian-Perez in his complaint are state claims, except for a § 1983 claim pled against the City.

Mr. Cobian-Perez initiated this lawsuit in state court. The City, based on the § 1983 claim, removed the case to federal court on November 6, 2013. In its notice, the City asserts that the first date it learned of the pending lawsuit was "on or about October 8, 2013, when an unregistered process server delivered the complaint and an incomplete Summons to the Oakland Police Department." Docket No. 1 (Not. of Removal ¶ 2 & Ex. B).

In the notice, the City also claims that (1) one of the entity defendants, Personal Protective Services, Inc. ("PPS"), has joined in the notice of removal, and that (2) the remaining two entity defendants, *i.e.*, Green Valley Foods and Bridge Housing Corporation, do not appear to have been served.[2] *See* Docket No. 1 (Not. ¶ 4). As for the individual defendants, the City claims that none were properly served based on the proofs of service that Mr. Cobian-Perez filed in state court on October 21 and 22, 2013. "The purported proofs all indicate that substituted service was attempted on the individuals [in September and October 2013] but Plaintiff has not filed declarations showing that personal service was tried first or that the Summons and Complaint was later mailed to the individuals." Docket No. 1 (Not. of Removal ¶ 4); *see also* Docket No. 1 (Not. of Removal, Ex. C) (proofs of service).

///
///
///

---

[2] In his motion, Mr. Cobian-Perez admits that Bridge Housing Corporation has not yet been served. *See* Mot. at 2-3; Varlack Decl. ¶ 11.

2

## II. DISCUSSION

A. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) (stating that "[a] defendant may remove to federal district court an action first brought in state court when the district court would have original jurisdiction"). The parties do not dispute that, because of the § 1983 claim against the City, this Court has original jurisdiction (*i.e.*, federal question jurisdiction) over the case. *See* 28 U.S.C. § 1331.

Rather, the parties' dispute centers on the requirements of 28 U.S.C. § 1446. Under § 1446, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). According to Mr. Cobian-Perez, the instant case must be remanded back to state court because the City has failed to establish that PPS and two of the individual defendants, – namely Stanley K. Teets and Ibrahim Shariff – joined in or consented to the removal by the City. The City has the burden of showing that these defendants joined or consented to the removal or that there is reason why they did not (which does not preclude removal). *See Prize Frize Inc. v. Matrix Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (stating that, "[w]here fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal").

Notably, if all of the defendants properly joined and served did not join in or consent to the removal, a "district court may [still] allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).

B. PPS

Mr. Cobian-Perez argues first that removal by the City was improper because there is nothing to substantiate the City's claim in its notice of removal that PPS actually joined in or

consented to the removal. In response, the City argues that it was not required to file a written consent by PPS. The City is correct. In *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208 (9th Cir. 2009), the Ninth Circuit noted:

> The circuits are divided as to what form a co-defendant's joinder in removal must take. . . . The Sixth Circuit requires only that "at least one attorney of record" sign the notice and certify that the remaining defendants consent to removal; it does not insist that each defendant submit written notice of such consent. In contrast, the Fifth, Seventh, and Eighth Circuits have adopted the more demanding requirement that each co-defendant must submit a timely, written notice of consent to joinder.
>
> We adopt the Sixth Circuit's position as fully sufficient to implement the unanimous joinder rule. The so-called "rule of unanimity," announced by the Supreme Court in *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900), . . . merely says that "all the defendants must join in the application" for removal. *Chicago* does not specify how defendants must join in removal. Nor does any federal rule or statute specifically prescribe a particular manner in which codefendants' joinder must be expressed. In the absence of any rule governing joinder in removal, we turn to the general principles that govern procedures for removal and for attorney representations to district courts generally. Under 28 U.S.C. § 1446(a), "[a] defendant or defendants desiring to remove any civil action" must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." Rule 11, in turn, provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record," and that "[b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney . . . certifies that . . . the factual contentions [therein] have evidentiary support . . . ."
>
> Applying these general principles, we conclude that the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient. Ernst & Young submitted such an averment under threat of sanctions pursuant to Rule 11; the other co-defendants were notified of the removal notice and had an opportunity to object to it. These two considerations – the availability of sanctions and of objection – mitigate concerns that one defendant might falsely state the other defendants' consent, or that one defendant might game the system by silently allowing another to remove and, if the federal forum proves disadvantageous, belatedly object that he had not consented.
>
> We emphasize that *Chicago*'s requirement that all co-defendants "join" in requesting removal remains binding. Like the Sixth Circuit, however, we interpret that requirement as met if, as here, one defendant avers that all defendants consent to removal.

*Id.* at 1224-25.

4

Moreover, even if more concrete evidence of consent by PPS were required, counsel for the City has submitted a declaration stating that (1) "[o]n November 5, 2013, I spoke with a representative of [PPS] who consented to the City's notice of removal," and (2) "[o]n December 17, 2013, the City received an e-mail from [counsel for PPS] reconfirming" consent to removal. Pereda Decl. ¶¶ 2, 5. Also, PPS has made an appearance before this Court and has never contested removal. *See* Docket No. 10 (PPS's answer, filed on November 22, 2013).

C.  Individual Defendants

As to the individual defendants, although there are many of them, Mr. Cobian argues that the City failed to get the consent of Mr. Teets and Mr. Shariff only. (Mr. Shariff is purportedly the sole proprietor of the grocery store, Green Valley. *See* Varlack Decl. ¶ 7. Mr. Teets appears to be affiliated with PPS, the security company.)

Along with its opposition, the City provided the proofs of service that Mr. Cobian-Perez submitted to the state court with respect to Mr. Teets and Mr. Shariff. *See* Pereda Decl., Ex. A (proofs of service).

- The proof of service regarding Mr. Teets states that he was served by substituted service on September 9, 2013, by leaving the summons and complaint at his business office with a staff person who identified himself as "Ed" at PPS. *See* Pereda Decl., Ex. A (Teets proof of service). There is no indication on the service-of-process form that the process server thereafter mailed (by first-class, postage prepaid) copies of the documents to Mr. Teets at the place where the documents were left. The box with this "mail" option is *not* checked. In addition, the process server did *not* check the box stating that "I attach a declaration of diligence stating actions taken first to attempt personal service."
- The proof of service regarding Mr. Shariff states that he was served by substituted service on September 9, 2013, by leaving the summons and complaint at his business office with a "Green Valley Foods Store Clerk." Pereda Decl., Ex. A (Shariff proof of service). As above, there is no indication on the service-of-process form that the process server thereafter mailed (by first-class, postage prepaid) copies of the documents to Mr. Shariff at the place where the documents were left. The box with this "mail" option is *not* checked. In addition,

5

1  the process server did *not* check the box stating that "I attach a declaration of diligence
2  stating actions taken first to attempt personal service."

### 1. Mr. Teets

The City argues that it did not need to get the consent of Mr. Teets because § 1446 requires consent of only those defendants who have been properly served and Mr. Teets was not. *See Destfino*, 630 F.3d at 956 (noting that defendants who have been properly served must join a petition for removal). The City is correct that Mr. Teets was not properly served for at least two reasons.

First, the process server claimed to be giving substituted service on Mr. Teets. Under California law, *see* Fed. R. Civ. P. 4(e)(1) (allowing for service on an individual pursuant to state law), substituted service is permissible, but, before relying on substituted service, the serving party must show that the summons and complaint could not "with reasonable diligence by personally served." Cal. Code Civ. Proc. § 415.20(b). *See, e.g.*, *Am. Exp. Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 389 (2011) (stating that "an individual may be served by substitute service only after a good faith effort at personal service has first been made: the burden is on the plaintiff to show that the summons and complaint 'cannot with reasonable diligence be personally delivered' to the individual defendant"); *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988) (stating that, "'[o]rdinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made'"). Here, there is nothing to indicate that a reasonably diligent attempt at personal delivery was made prior to resort to substituted service. Indeed, the proof of service submitted by the City suggests that no attempts were made. *Cf. Destfino*, 630 F.3d at 957 (concluding that plaintiffs did not give proper substituted service because the defendants were served at the wrong address; "[b]ecause service . . . was defective, their joinder in the petition [for removal] wasn't required").

Second, even if reasonable diligence were not an issue, California law provides that substituted service consists of (1) leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address and (2) *thereafter* mailing a copy of the summons and complaint "by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Code

Civ. Proc. § 415.20(b). Here, there is no evidence that Mr. Cobian-Perez satisfied the latter requirement. Again, the proof of service on its face indicates to the contrary.

Moreover, even if Mr. Teets was properly served, that still would not dictate a remand. As noted above, a district court may give the removing defendant the opportunity to cure the defect and obtain consent from the nonremoving defendant. Here, counsel for the City has submitted a declaration stating that, post-removal, he received an e-mail from counsel for Mr. Teets stating that he consents to removal. *See* Pereda Decl. ¶ 5.

2. Mr. Shariff

As above, the City argues that Mr. Shariff was not properly served and therefore his consent was not needed. Again, the Court agrees with the City because, although counsel for Mr. Cobian-Perez does claim in a declaration that the summons and complaint were mailed to Mr. Shariff after the documents were left at the grocery store, *see* Varlack Decl. ¶ 6 (stating that "[t]he process server mailed a copy of all of the documents to Mr. Shariff at the same address with return receipt requested and acknowledgment[;] [h]owever, instead of signing the acknowledgment, Shariff called plaintiff's counsel and denied liability"), there is still no evidence that, before resorting to substituted service, the process server made a reasonably diligent attempt at personal service.[3]

### III. CONCLUSION

For the foregoing reasons, Mr. Cobian-Perez's motion to remand is denied.

This order disposes of Docket No. 15.

IT IS SO ORDERED.

Dated: January 28, 2014

EDWARD M. CHEN
United States District Judge

---

[3] While Mr. Teets has indicated to counsel for the City that he consents to removal, Mr. Shariff has simply told counsel for the City that, "until properly served, he takes no position in this matter." Pereda Decl. ¶ 4.

7