1  John J. Verber, State Bar No. 139917
   Patrick M. Callahan, State Bar No. 219419
2  BURNHAM BROWN
   A Professional Law Corporation
3  P.O. Box 119
   Oakland, California 94604
4  ---
   1901 Harrison Street, 14th Floor
5  Oakland, California  94612
   Telephone:     (510) 444-6800
6  Facsimile:     (510) 835-6666
   E-Mails:       jverber@burnhambrown.com
7                 pcallahan@burnhambrown.com

8  Attorneys for Defendants
   ERIC KIM and HECTOR JIMENEZ
9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12  JORGE COBIAN-PEREZ, an individual, | No. 3:13-cv-05162-VC |
| 13                    Plaintiff, | [Alameda County Superior Court Action No. HG13684402] |
| 14  v. | **STIPULATED PROTECTIVE ORDER** |
| 15  PERSONAL PROTECTIVE SERVICES, INC., STANLEY KEVIN TEETS, LADALE | |
| 16  MONTOYA SLOCUM, MEREDITH WILSON, THE CITY OF OAKLAND, | |
| 17  POLICE DEPARTMENT, THE OAKLAND HOUSING AUTHORITY, GREEN | |
| 18  VALLEY FOODS, DANIEL KANADA, IBRAHIM SHARIFF; ERIC KIM, | |
| 19  ROBERTO RUIZ, HECTOR JIMENEZ, and DOES 1-20, Inclusive, | |
| 20                    Defendants. | |
| 21  | |

22       Plaintiff JORGE COBIAN-PEREZ through his attorney TIEGA-NOEL VARLACK;

23  and Defendants ROBERTO RUIZ, individually and in his official capacity as a Police

24  Officer for CITY OF OAKLAND and CITY OF OAKLAND, a municipal corporation by

25  and through their attorneys, the OFFICE OF THE CITY ATTORNEY; and Defendants

26  ERIC KIM, individually and in his official capacity as Police Officer for CITY OF

27  OAKLAND and HECTOR JIMENEZ, individually and in his official capacity as a Police

28  Officer for CITY OF OAKLAND, by and through their attorneys, BURNHAM  BROWN,

1

John Verber and Patrick M. Callahan, PERSONAL PROTECTIVE SERVICES, INC. and

MEREDITH WILSON, by and through their attorneys, BREMER, WHYTE, BROWN &

O'MEARA, LLP, Raymond Meyer, Jr. and Nicholas C. Young, BRIDGE HOUSING

CORPORATION, by and through their attorneys, LEWIS BRISBOIS BISGAARD &

SMITH LLP, Christopher Nevis and Nicole Jones, hereby stipulate to the following

PROTECTIVE ORDER:

1.   <u>DEFINITIONS</u>

1.1   <u>Party:</u> any party to this action, including all of its officers,

directors, employees, consultants, retained experts, and outside counsel (and their support

staff).

1.2   <u>Disclosure or Discovery Material:</u> all items or information,

regardless of the medium or manner generated, stored, or maintained (including, among other

things digital or electronic storage);

1.3   <u>"Confidential" Information or Items:</u> Information (regardless of

how generated, stored or maintained) or tangible things qualify for protection under standards

developed under F.R.Civ.P. 26(c). This material includes:

a)   Information from personnel files of any sworn member of the Oakland

Police Department.

b)   Information from Internal Affairs files pertaining to any sworn member

of the Oakland Police Department.

1.4   <u>"Highly Confidential-Attorneys' Eyes Only" Information or</u>

<u>Items:</u> Extremely sensitive "Confidential Information or Items" whose disclosure to another

Party or nonparty would create a substantial risk of serious injury that could not be avoided by

less restrictive means.

This material includes:

a) Information from medical and/or psycho-therapeutic records of any party to this

action.

1.5   <u>Receiving Party:</u> a Party that receives Disclosure or

Discovery Material from a Producing Party.

        1.6    <u>Producing Party:</u> a Party or non-party that produces Disclosure or Discovery Material in this action.

        1.7    <u>Designating Party:</u> a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential-Attorneys' Eyes Only."

        1.8    <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential-Attorneys' Eyes Only."

        1.9    <u>Outside Counsel:</u> attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

        1.10    <u>House Counsel:</u> attorneys who are employees of a Party.

        1.11    <u>Counsel (without qualifier):</u> Outside Counsel and House Counsel (as well as their support staffs).

        1.12    <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as an consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

        1.13    <u>Professional Vendors:</u> person or entities that provide litigation support services (<u>e.g.,</u> photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

        2.    <u>SCOPE</u>

        The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that

STIPULATED PROTECTIVE ORDER                        No. 3:13-cv-05162-EMC

1    might reveal Protected Material.

2                    3.      DURATION

3                    Even after the termination of this litigation, the confidentiality

4    obligations imposed by this Order shall remain in effect until a Designating Party agrees

5    otherwise in writing or court order otherwise directs.

6                    4.      DESIGNATING PROTECTED MATERIAL

7                    4.1    F.R.Civ. P. 26(c). The information sought to be protected must be

8    properly qualified for protection under F.R.Civ. P. 26(c). Counsel shall not designate any

9    discovery material "CONFIDENTIAL" without first making a good faith determination that

10   protection is warranted.

11                   4.2    Manner and Timing of Designations. Except as otherwise provided

12   in this Order (see, e.g., second paragraph of section 4.2(a), below), or as otherwise stipulated or

13   ordered, material that qualifies for protection under the Order must be clearly so designated

14   before the material is disclosed or produced.

15                   Designation in conformity with this Order requires:

16                   (a) for information in documentary form (apart from transcripts of

17   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

18   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top

19   of each page that contains protected material.

20                   A Party or non-party that makes original documents or materials

21   available for inspection need not designate them for protection until after the inspecting Party

22   has indicated which material it would like copied and produced. During the inspection and

23   before the designation, all of the material made available for inspection shall be deemed

24   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has

25   identified the documents it wants copied and produced, the Producing Party must determine

26   which documents, or portions thereof, qualify for protection under this Order, then, before

27   producing the specified documents, the Producing Party must affix the appropriate legend

28   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY") at the

STIPULATED PROTECTIVE ORDER                                    No. 3:13-cv-05162-EMC

top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL—ATTORNEYS' ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

4.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential— Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

STIPULATED PROTECTIVE ORDER                                    No. 3:13-cv-05162-EMC

protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Order. If Receiving Party serves a written objection to the propriety of a "Confidential" or "Highly Confidential" designation under this section, the parties must make reasonable attempts to meet and confer to resolve the disputed designation(s). If such attempts fail, the Designating Party must move the Court for a protective order within thirty (30) days of the conclusion of the meet and confer discussions. If the Designating Party does not so move, the Receiving Party may treat the subject "Confidential" or "Highly Confidential" designation(s) as having been waived.

5.        CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 <u>Timing of Challenges</u>.  Unless a proper challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (via written objections) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation within five days of receipt of objections.

**5.3   <u>Judicial Intervention.</u> If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or**

within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21 or 14 day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

STIPULATED PROTECTIVE ORDER                                        No. 3:13-cv-05162-EMC

1   When the litigation has terminated, a Receiving Party must comply with the provisions of

2   section 10, below (FINAL DISPOSITION).

3               Protected Material must be stored and maintained by a Receiving Party

4   at a location and in a secure manner that ensures that access is limited to the persons

5   authorized under this Order.

6               6.2   Disclosure of "CONFIDENTIAL" Information or Items.   Unless

7   otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

8   Party may disclose any information or item designated CONFIDENTIAL only to:

9               (a)   employees of the Receiving Party to whom disclosure is reasonably

10  necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

11  Order" (Exhibit A);

12              (b)   experts (as defined in this Order) of the Receiving Party to whom

13  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to

14  Be Bound by Protective Order" (Exhibit A);

15              (c)   the Court and its personnel;

16              (d)   court reporters, their staffs, and professional vendors to whom

17  disclosure is reasonably necessary for this litigation;

18              (e)   during their deposition, witnesses in the action to whom disclosure is

19  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

20  (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

21  Protected Material must be separately bound by the court reporter and may not be disclosed to

22  anyone except as permitted under this Stipulated Protective Order.

23              (f)   the author of the document or the original source of the information.

24              6.3   Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

25  ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by

26  the Designating Party, Receiving Party may disclose any information or item designated

27  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

28              (a)       Experts (as defined in this Order) (1) to whom disclosure is

1  reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by

2  Protective Order" (Exhibit A);

3          (b)    the Court and its personnel;

4          (c)    court reporters and their staffs; and

5          (d)    the author of the document or the original source of the

6  information.

7          7.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

8  <u>PRODUCED IN OTHER LITIGATION</u>

9          If a Receiving Party is served with a subpoena or an order issued in other

10  litigation that would compel disclosure of any information or items designated in this action as

11  "CONFIDENTIAL" or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the

12  Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

13  immediately and in no event more than three court days after receiving the subpoena or order.

14  Such notification must include a copy of the subpoena or court order.

15          The Receiving Party also must immediately inform in writing the Party

16  who caused the subpoena or order to issue in the other litigation that some or all the material

17  covered by the subpoena or order is the subject of this Protective Order. In addition, the

18  Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in

19  the other action that caused the subpoena or order to issue.

20          The purpose of imposing these duties is to alert the interested parties to

21  the existence of this Protective Order and to afford the Designating Party in this case an

22  opportunity to try to protect its confidentiality interests in the court from which the subpoena or

23  order issued. The Designating Party shall bear the burdens and the expenses of seeking

24  protection in that court of its confidential material—and nothing in these provisions should be

25  construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

26  directive from another court.

27          8.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

28          If a Receiving Party learns that, by inadvertence or otherwise, it has

disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

       9.    <u>FILING PROTECTED MATERIAL</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. In addition to placing the documents in a sealed envelope with instructions that the envelope is not to be opened absent further order of the court, the envelope should be labeled to identify title of the case, the case number, and the title of the document.

       10.    <u>FINAL DISPOSITION</u>.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party, as used in this subdivision, "all Protected Material" includes all copies, abstracts compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

       11.    <u>MISCELLANEOUS</u>.

       <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of

1   any person to seek its modification by the Court in the future.

2        12.   <u>JURISDICTION</u>.  The Court shall retain jurisdiction over any matter

3   covered by this Stipulation and Order for **12** months after the final termination of this action.

4        **13.   <u>DOCUMENTS OFFERED AT TRIAL</u>.  Notwithstanding any**

5   **provision herein to the contrary, any document, whether previously designated**

6   **confidential or previously sealed, will be unsealed and/or will lose its confidential status**

7   **if offered as an exhibit at trial, absent a showing of the "most compelling" reasons.** *See*

8   *Foltz v. State Farm Mut. Automobile Ins. Co. .*, 331 F.3d 1122, 1135-36 (9th Cir. 2003);

9   *see also* **Manual for Complex Litigation § 21.432.**

10        **THE PARTIES HEREBY STIPULATE TO THE TERMS OF THE**

11        **PROTECTIVE ORDER AS SET FORTH ABOVE**

12

13        TIEGA-NOEL VARLACK
          VARLACK LEGAL SERVICE

14

15

16   Dated:   June 9, 2014        By:  /s/ Tiega-Noel Varlack

17        Attorneys for Plaintiff
          JORGE COBIAN-PEREZ

18

19        BARBARA J. PARKER, City Attorney

20        RANDOLPH W. HALL, Chief Assistant City Attorney
          DAVID A. PEREDA, Deputy City Attorney

21

22

23   Dated:   June 9, 2014        By:  /s/ David A. Pereda

24        Attorneys for Defendants
          CITY OF OAKLAND and OFFICER ROBERTO RUIZ

25   ///

26   ///

27   ///

28   ///

STIPULATED PROTECTIVE ORDER                                    No. 3:13-cv-05162-EMC

BURNHAM BROWN
JOHN J. VERBER
PATRICK M. CALLAHAN

Dated:   June 9, 2014             By:  /s/ Patrick M. Callahan
                                  Attorneys for Officers HECTOR JIMENEZ and
                                  ERIC KIM


BREMER WHYTE BROWN & O'MEARA LLP
RAYMOND MEYER JR.
NICHOLAS YOUNG

Dated:   June 9, 2014             By:  /s/ Nicholas Young
                                  Attorneys for Defendant PERSONAL PROTECTIVE
                                  SERVICES, INC. AND MEREDITH WILSON


LEWIS BRISBOIS BISGAARD & SMITH LLP
CHRISTOPHER J. NEVIS
NICOLE L. JONES

Dated:   June 9, 2014             By:  /s/ Nicole L. Jones
                                  Attorneys for Defendant
                                  BRIDGE HOUSING CORPORATION

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**



Dated:  June 11        , 2014    _____
                                  HONORABLE VINCE CHHABRIA
                                  UNITED STATES DISTRICT COURT JUDGE

STIPULATED PROTECTIVE ORDER                              No. 3:13-cv-05162-EMC

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____[print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States Court for the Northern District of California on _____[date] in

the case of JORGE COBIAN-PEREZ v. PERSONAL PROTECTIVE SERVICES, INC, et al.

case No. 3:13-cv-05162-EMC, I agree to comply with and be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____

[print or type full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name:  _____

[printed name]

Signature: _____

[signature]

4815-9965-4427, v.  1

STIPULATED PROTECTIVE ORDER                                             No. 3:13-cv-05162-EMC